UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSEPH HASSAN SHOKRIAN, ) <br> A/K/A ANTONIO DE JESUS ) <br> MOLINA-ORTEGA ) <br> ) Crim. Action No: SA-11-CR-165-XR <br> ) Civ. Action No. SA-14-CV-464-XR <br> Petitioner, ) <br> ) Crim. Action No: SA-11-CR-1025-XR <br> VS. ) Civ. Action No. SA-14-CV-464-XR <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed August 7, 2014 (docket no. 95 in 11-cr-165 and docket no. 163 in 11-cr-1025) and Petitioner's objections thereto (docket nos. 98 and 166).  After careful consideration, the Court will adopt the Report and Recommendation, overrule all objections and deny Petitioner's motions to vacate.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an

independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Inasmuch as Petitioner has filed objections, the Court has conducted a de novo review.

## BACKGROUND AND OBJECTIONS

The Magistrate Judge thoroughly discussed the background of this case and the applicable law. See docket no. 95. In his response, Petitioner essentially objects to the Report and Recommendation arguing that his trial counsel provided ineffective assistance of counsel by: (1) failing to file a motion to suppress; (2) failing to note alleged discrepancies in the discovery provided by the Government; (3) failing to object to alleged intentional alterations of the evidence done by unnamed law enforcement officers; and (4) informing Petitioner that his two criminal cases would run concurrent and that his total offense level would equal 25 and that his sentence would be between 63 and 78 months. The Presentence Report prepared by the Probation Officer calculated the Petitioner's criminal history at Level IV and total offense level at 34. The advisory guideline range was 210 to 262 months. After considering various objections and arguments and applying the 3553 factors, Petitioner was sentenced to the custody of the United States Bureau of Prisons to be imprisoned for a term of 108 months, with credit for time served since March 4, 2011, pursuant to 18 U.S.C. § 3584(a).

For the reasons stated in the Report and Recommendation, Petitioner's attorney did not render ineffective assistance of counsel. Defendant knowingly and voluntarily pled guilty, and any claims now being asserted that his February 2011 detention was illegal or that law enforcement officials tampered with evidence are conclusory. With regard to the claim that his attorney made verbal promises regarding the length of the sentence, that claim is refuted by the

written plea agreement. Petitioner acknowledged that he was facing a minimum of five years imprisonment and a maximum of 40 years, that the sentencing guidelines were advisory and that the Court could impose a sentence greater or lesser than the sentencing range calculated under the Sentencing Guidelines. Further, the Defendant acknowledged in the plea agreement that "any estimate of the probable sentencing range that he may receive from his counsel … did not induce him [into this] guilty plea…." See docket no. 48. Petitioner's objections are conclusory.

## Conclusion

Petitioner's motions to vacate, set aside, or correct his sentence (docket nos. 86 and 156) pursuant to 28 U.S.C. § 2255 are DENIED. Petitioner's motions for reconsideration (docket nos. 98 and 166) are considered as objections to the Report and Recommendation and are overruled.

SIGNED this 23rd day of September, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE